C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Michael Dewayne Hicks,**
**Petitioner Below, Petitioner**

**v.) No. 23-502** (Kanawha County Case No. 23-P-94)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Complex**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Dewayne Hicks appeals the Circuit Court of Kanawha County's April 6, 2023, order denying his petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in denying his petition for a writ of habeas corpus due to ineffective assistance of counsel and the violation of his right to compel and confront witnesses at trial. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In May 1995, a jury convicted the petitioner of first-degree murder with use of a firearm for the death of Terrence Spencer. The petitioner appealed to this Court alleging prejudicial error from the court's ex parte communications with jurors, the State's closing remarks, insufficient evidence, and the failure to return money confiscated during his arrest. The Court reversed the petitioner's conviction and remanded the case for a new trial.[2] Terri Bannister, an eyewitness to the murder, did not appear to testify at the new trial, and the circuit court permitted the State to read her testimony from the petitioner's first trial into evidence. The jury convicted the petitioner of first-degree murder, without a recommendation of mercy, and the circuit court sentenced him to life in prison without the possibility of parole. The petitioner appealed his conviction, and this Court refused his appeal.

---

[1] Petitioner is self-represented. The respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Additionally, the Court has automatically substituted the name of the current Superintendent of Mt. Olive Correctional Complex as the respondent. *See* W. Va. R. App. P. 41(c).

[2] *See State v. Hicks*, 198 W. Va. 656, 482 S.E.2d 641 (1996).

In January 2001, the petitioner filed a petition for a writ of habeas corpus alleging the violation of his right of confrontation, because Terri Bannister was not present in court to testify during the trial, and that he received ineffective assistance of trial counsel due to his attorney's failure to move the trial court for a material witness warrant. The petitioner also filed a motion requesting additional DNA testing of blood found at the scene of the crime. The habeas court appointed counsel to represent the petitioner and granted his request for additional scientific testing. During the pendency of this habeas proceeding, the petitioner executed a knowing and intelligent, written waiver of the right to raise additional grounds for post-conviction relief in the future.[3]

After conducting an omnibus hearing on March 11, 2004, the circuit court determined that the petitioner's allegation of ineffective assistance of counsel was without merit because (1) he had not shown that the verdict would have been different but for trial counsel's actions; (2) there was evidence in the record showing that the State made a good faith effort to secure Terri Bannister's presence in court, and therefore, it was not error to admit her prior sworn testimony; and (3) there was ample evidence and testimony to sustain the petitioner's conviction despite new DNA testing results showing that the blood spot at the scene of the crime was not the petitioner's. The habeas court entered an order denying the petition; the petitioner appealed the order; and, on January 20, 2005, this Court refused the petitioner's appeal.

The petitioner filed his second petition for a writ of habeas corpus in August 2006 where he challenged serology evidence admitted during his trial. *See* Syl. Pt. 4, in part, *In the Matter of: Renewed Investigation of State Police Crime Lab'y, Serology Div. ("Zain III")*, 219 W. Va. 408, 633 S.E.2d 762 (2006) ("A prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence."). The circuit court appointed counsel for the petitioner and subsequently found that DNA testing rather than serology testing had occurred in the petitioner's case; therefore, *Zain III* did not apply to the test results admitted at his trial. On January 7, 2008, the circuit court issued an order denying the petition for a writ, and this Court refused the petitioner's appeal of that order on September 9, 2008.

In October 2012, the petitioner filed his third petition for a writ of habeas corpus in which he alleged that appointed counsel for his first habeas petition rendered ineffective assistance by failing to pursue more precise DNA testing of blood evidence. The circuit court entered an order summarily dismissing the petition on the grounds that the DNA issue had previously been adjudicated in the petitioner's first habeas proceeding, and the ineffective assistance of counsel allegation failed because the petitioner had not shown that more recent DNA testing would have

---

[3] Syllabus point 3 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), holds:

A waiver of a constitutional right must be knowing and intelligent, that is a voluntary relinquishment of a known right, and if the waiver is conclusively demonstrated on the record at trial or at a subsequent omnibus habeas corpus hearing, the waiver makes any issue concerning the right waived res judicata in succeeding actions in habeas corpus.

resulted in a different outcome. The petitioner appealed to this Court and, finding no abuse of discretion, we affirmed the circuit court's order.[4]

The petitioner filed his fourth petition for a writ of habeas corpus on March 10, 2023, and it constitutes the underlying action for this appeal. The petitioner again alleged that his trial counsel was ineffective because Terri Bannister's presence was not secured for the retrial of his case, and his constitutional right of confrontation was violated when Ms. Bannister's testimony from the first trial was read into the record. In its order, the circuit court recounted the history of the petitioner's various appeals and habeas petitions and found that the petitioner's current allegations of error had been raised and argued in his first habeas proceeding. The court noted that it had previously addressed these allegations of error and concluded there was "no factual or legal basis for either argument and the [West Virginia] Supreme Court [of Appeals] refused to disturb [that] decision on appeal." The order further indicated that *Losh*, 166 W. Va. at 762, 277 S.E.2d at 608, Syl. Pt. 2, in part, "mandates that '[a] judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised . . . .'" The habeas court denied the petitioner's fourth petition for a writ of habeas corpus because "*Losh v. McKenzie* prohibits Petitioner from either relitigating the same grounds for relief or arguing grounds that could have been asserted in a prior habeas action." Accordingly, the court entered an order on April 6, 2023, reflecting its findings.

The petitioner now appeals, and "[w]e review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). The petitioner asserts the same allegations of error that were raised in the underlying habeas proceeding. The habeas court's well-reasoned order thoroughly considered and addressed the petitioner's arguments. The petitioner has not met his burden in demonstrating error in the circuit court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court."). Accordingly, we find no abuse of discretion in the court's denial of habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 22, 2025

---

[4] *See Hicks v. Ballard*, 14-0113, 2014 WL 4289256 (W. Va. Aug. 29, 2014) (memorandum decision).

**CONCURRED IN BY:**

Chief Justice William R. Wooten
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV

**DISQUALIFIED:**

Justice Tim Armstead